IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00600-BNB

FRANCISCO M. MARTINEZ,

    Plaintiff,

v.

MARIA DOLORES INFANTE MILTOS ALIAS (LOLA), In her Individual and Official
    Capacities,
NATALIA LORENA INFANTE, She is an Agent Sued in her Individual and Official
    Capacities,
JOAN R. WOODBURY, Colorado Legal Services, Atty Reg #24903, She is Sued in her
    Individual and Official Capacities,
JOHN AND JANE DOE, Colorado Legal Services, He/She is an Agent or Employee
    Sued in his/her Individual and Official Capacities,
AMY K. WALKER, Bringing Justice Home Project, Atty Reg # 35588, She is Sued in
    her Individual and Official Capacities,
JOHN AND JANE Doe, Bringing Justice Home Project, He/She is an Agent or
    Employee Sued in his/her Individual and Official Capacities,
TERESA MONCIVAIS, Employee Larimer County Social Services, She is an Agent or
    Employee Sued in her Individual and Official Capacities,
JOHN AND JANE DOE, Child Support Enforcement Unit, Larimer County Department
    of Social Services, He/She is an Agent or Employee Sued in his/her Individual
    and Official Capacities,
SEAN C. McGILL, Atty Reg # 26168, Assistant County Attorney Intervenor, Larimer
    Count Department of Social Services, He is Sued in his Individual and Official
    Capacities,
KRIS ULLSTRUP, Therapist, She is an Agent or Employee Sued in her Individual and
    Official Capacities,
BECKY SMITH, Social Case Worker, Department of Human Services, She is an Agent
    or Employee Sued in her Individual and Official Capacities,
JOHN AND JANE DOE, Department of Human Services, Larimer County, He/She is an
    Agent or Employee Sued in his/her Individual and Official Capacities,
ANA SILVA, Caldwell Banker, She is Sued in her Individual and Official Capacities,
RON HICKS, Assistant Director, Colorado State University, Conflict Resolution Conduct
    Services, He is an Agent or Employee Sued in his Individual and Official
    Capacities,
YVONNE PAEZ, Colorado State University, Campus Police Department, She is an
    Agent or Employee Sued in her Individual and Official Capacities,
CHRISTIE MATHEWS, Colorado State University, Director of Apartment Life, She is an
    Agent or Employee Sued in her Individual and Official Capacities,
CHRIS WOLF, Colorado State University, Campus Police Department, He is an Agent
    or Employee Sued in his Individual and Official Capacities,
JOHN AND JANE DOE, Colorado State University, He/She is an Agent or Employee

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 24 2009

GREGORY C. LANGHAM
                     CLERK

        Sued in his/her Individual and Official Capacities,
DOCTOR JOHN AND DOCTOR JANE DO, MD, Salud Clinic, A Citizen of Unknown Origin, He/She is an Agent or Employee Sued in his/her Individual and Official Capacities,
JOHN AND JANE DOE, Salud Clinic, He/She is an Agent or Employee Sued in his/her Individual and Official Capacities,
JOHN AND JANE DOE, A Citizen of or Originates from Paraguay, He/She is an Agent or Employee Sued in his/her Individual and Official Capacities,
JOHN AND JANE DOE, Fort Collins, He/She is an Agent or Employee Sued in his/her Individual and Official Capacities,
JOHN AND JANE DOE, Fort Collins City Hall, He/She is an Agent or Employee Sued in his/her Individual and Official Capacities,
JOHN AND JANE DOE, Larimer County Sheriff, He/She is an Agent or Employee Sued in his/her Individual and Official Capacities,
JOHN AND JANE DOE, Weld County Sheriff, He/She is an Agent or Employee Sued in his/her Individual and Official Capacities,
WILLIAM L. CROSIER, Colorado Legal Services, Atty Reg # 1722, He is an Agent or Employee Sued in his Individual and Official Capacities,

        Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

        Plaintiff, Francisco M. Martinez, initiated this action by filing a *pro se* Complaint. Mr. Martinez asserts jurisdiction pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. In response to the Court's Order dated March 19, 2009, Mr. Martinez submitted his claims in part on a Court-approved form used in filing civil complaints. He attached eighty-three pages of additional pleadings to the complaint form, however. The Court further notes that Mr. Martinez asserts the same claims and names the same parties in the instant action as he did in Case No. 09-cv-00488-ZLW. That case was dismissed on April 23, 2009, for failure to comply with Fed. R. Civ P. 8.

Because Case No. 09-cv-00488-ZLW was dismissed without prejudice, the Court must review the merits of the instant action. The Court also must construe the instant Complaint liberally because Mr. Martinez is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court should not act as an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the Court will direct Mr. Martinez to file an Amended Complaint.

Mr. Martinez's Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the Mr. Martinez is entitled to relief. **See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. **See TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Martinez fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Mr. Martinez's claims are repetitive and unnecessarily verbose. Therefore, Mr. Martinez will be directed to file an Amended Complaint that complies with the pleading requirements of Rule 8. Mr. Martinez is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and defendants to know what claims are being asserted and to be able to respond to those claims.

Mr. Martinez is instructed that to state a claim in this Court he must state with specificity what each named defendant did to him, when they did it, how their action harmed him, and what specific legal right they violated. ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Martinez file **within thirty days from the date of this Order** an Amended Complaint that complies with this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Martinez, together with a copy of this Order, two copies of the Court-approved form for filing a Complaint. It is

FURTHER ORDERED that if Mr. Martinez fails within the time allowed to file an Amended Complaint, as directed, the action will be dismissed without further notice.

DATED April 24, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00600-BNB

Francisco M. Martinez
12632 East Frontage Rd.
Longmont, CO 80504

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint form** to the above-named individuals on 4/24/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk