IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

Civil Action No. 09-cv-00600-BNB

JUN 0 4 2009

FRANCISCO M. MARTINEZ,

GREGORY C. LANGHAM
CLERK

Plaintiff,

v.

MARIA DOLORES INFANTE MILTOS ALIAS (LOLA), In her Individual and Official
Capacities,
NATALIA LORENA INFANTE, She is an Agent Sued in her Individual and Official
Capacities,
JOAN R. WOODBURY, Colorado Legal Services, Atty Reg #24903, She is Sued in her
Individual and Official Capacities,
JOHN AND JANE DOE, Colorado Legal Services, He/She is an Agent or Employee
Sued in his/her Individual and Official Capacities,
AMY K. WALKER, Bringing Justice Home Project, Atty Reg # 35588, She is Sued in
her Individual and Official Capacities,
JOHN AND JANE Doe, Bringing Justice Home Project, He/She is an Agent or
Employee Sued in his/her Individual and Official Capacities,
TERESA MONCIVAIS, Employee Larimer County Social Services, She is an Agent or
Employee Sued in her Individual and Official Capacities,
JOHN AND JANE DOE, Child Support Enforcement Unit, Larimer County Department
of Social Services, He/She is an Agent or Employee Sued in his/her Individual
and Official Capacities,
SEAN C. McGILL, Atty Reg # 26168, Assistant County Attorney Intervenor, Larimer
Count Department of Social Services, He is Sued in his Individual and Official
Capacities,
KRIS ULLSTRUP, Therapist, She is an Agent or Employee Sued in her Individual and
Official Capacities,
BECKY SMITH, Social Case Worker, Department of Human Services, She is an Agent
or Employee Sued in her Individual and Official Capacities,
JOHN AND JANE DOE, Department of Human Services, Larimer County, He/She is an
Agent or Employee Sued in his/her Individual and Official Capacities,
ANA SILVA, Caldwell Banker, She is Sued in her Individual and Official Capacities,
RON HICKS, Assistant Director, Colorado State University, Conflict Resolution Conduct
Services, He is an Agent or Employee Sued in his Individual and Official
Capacities,
YVONNE PAEZ, Colorado State University, Campus Police Department, She is an
Agent or Employee Sued in her Individual and Official Capacities,

CHRISTIE MATHEWS, Colorado State University, Director of Apartment Life, She is an
    Agent or Employee Sued in her Individual and Official Capacities,
CHRIS WOLF, Colorado State University, Campus Police Department, He is an Agent
    or Employee Sued in his Individual and Official Capacities,
JOHN AND JANE DOE, Colorado State University, He/She is an Agent or Employee
    Sued in his/her Individual and Official Capacities,
DOCTOR JOHN AND DOCTOR JANE DO, MD, Salud Clinic, A Citizen of Unknown
    Origin, He/She is an Agent or Employee Sued in his/her Individual and Official
    Capacities,
JOHN AND JANE DOE, Salud Clinic, He/She is an Agent or Employee Sued in his/her
    Individual and Official Capacities,
JOHN AND JANE DOE, A Citizen of or Originates from Paraguay, He/She is an Agent
    or Employee Sued in his/her Individual and Official Capacities,
JOHN AND JANE DOE, Fort Collins, He/She is an Agent or Employee Sued in his/her
    Individual and Official Capacities,
JOHN AND JANE DOE, Fort Collins City Hall, He/She is an Agent or Employee Sued in
his/her Individual and Official Capacities,
JOHN AND JANE DOE, Larimer County Sheriff, He/She is an Agent or Employee Sued
    in his/her Individual and Official Capacities,
JOHN AND JANE DOE, Weld County Sheriff, He/She is an Agent or Employee Sued in
    his/her Individual and Official Capacities,
WILLIAM L. CROSIER, Colorado Legal Services, Atty Reg # 1722, He is an Agent or
    Employee Sued in his Individual and Official Capacities,

    Defendants.

_____

## ORDER OF DISMISSAL

_____

Plaintiff Francisco M. Martinez currently resides in Longmont, Colorado. Mr.

Martinez initiated this action by filing a *pro se* Complaint. On April 24, 2009, Magistrate

Judge Boyd N. Boland ordered Mr. Martinez to file an Amended Complaint that

complies with the pleading requirements of Rule 8 of the Federal Rules of Civil

Procedure. Mr. Martinez filed an Amended Complaint on May 29, 2009. The Amended

Complaint is just over 100 pages long.

2

The Court must construe the Amended Complaint liberally because Mr. Martinez is a **pro se** litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." **Hall**, 935 F.2d at 1110. Nonetheless, even though the Court must construe Mr. Martinez's pleadings liberally, the pleadings must follow the rules of federal civil procedure. **See Ogden v. San Juan County**, 32 F.3d 452, 455 (10th Cir. 1994), **cert denied**, 513 U.S. 1090 (1995). For the reasons stated below the action will be dismissed.

The Court has reviewed the Amended Complaint and finds that Mr. Martinez again has failed to comply with the pleading requirements of Rule 8. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. **See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Rule 8 are designed to meet these purposes. **See TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), **aff'd**, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the

3

pleader is entitled to relief; and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1) which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

The Amended Complaint, even more than the original Complaint, fails to comply with Rule 8. The Amended Complaint is repetitive and excessively long and does not state Mr. Martinez's claims simply and concisely.

Furthermore, to the extent the Court is able to determine Mr. Martinez's claims, it appears he is challenging his divorce decree that was entered in the State of Colorado. The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Review of the state court judgment must proceed to the state's

4

highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

The *Rooker-Feldman* doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004) *overruled in part on other grounds by Exxon Mobile Corp.*, 544 U.S. 280. "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Id*. at 1148. Furthermore, the *Rooker-Feldman* doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997).

Finally, a state court divorce action involves important state interests. The Supreme Court has stated that " '[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.' " *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (quoting *Ex Parte Burrus*, 136 U.S. 586, 593-94 (1890)). Consequently, federal courts do not have diversity jurisdiction over divorce and alimony decrees and child custody orders. *Ankenbrandt*, 504 U.S. at 703.

5

Nonetheless, a decision to dismiss a pleading pursuant to Rule 8 is within the Court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The burden Mr. Martinez places on Defendants and the Court to identify, interpret, and respond to his claims is unreasonable. Therefore, the action will be dismissed for failure to comply with the pleading requirements of Fed. R. Civ. P. 8. Accordingly, it is

ORDERED that the Complaint, Amended Complaint, and action are dismissed without prejudice for failure to comply with the pleading requirements of Fed. R. Civ. P. 8.

DATED at Denver, Colorado, this 3 day of _____ June _____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No.  09-cv-00600-BNB

Francisco M. Martinez
12632 East Frontage Rd.
Longmont, CO 80504


      I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on  6/4/09

GREGORY C. LANGHAM, CLERK

By: _____
                  Deputy Clerk